## KAY v. GENERAL CABLE CORPORATION.
### Misc. No. 778a.

District Court, D. New Jersey.
March 5, 1945.

Henry K. Golenbock, of Perth Amboy, N. J., for plaintiff Albert E. Kay.

Pitney, Hardin & Ward, of Newark, N. J. (Ben Herzberg, of New York City, of counsel), for defendant General Cable Corporation.

Thorn Lord, U. S. Atty., of Newark, N. J., and Vincent E. Hull, Asst. U. S. Atty., of Newark, N. J.

MEANEY, District Judge.

This matter is before me on an application by the defendant for an order vacating an ex-parte order previously entered and for entry of a new order.

This proceeding was initially brought under the Selective Training and Service Act of 1940 as amended, 50 U.S.C.A.Appendix § 308, which provides under section 308(b) (3) (B), that any person who upon entering the military or naval service of the United States, has left "a position, other than a temporary position, * * * in the employ of a private employer" shall, in the case of a private employer, be restored to such position or to a position of like seniority status and pay, "unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so." Section 308 (c) provides that a veteran who is restored to a position "shall not be discharged from such position without cause within one year after such restoration." Section 308 (e) provides that if the employer fails or refuses to comply with the provisions of subsection (b) or subsection (c) the veteran may institute a proceeding by filing a motion, petition or other pleading "to specifically require such employer to comply with such provisions, and, as an incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action."

The plaintiff, a duly licensed physician, was employed by the defendant corporation in 1931 as medical director at its plant. In December of 1942 plaintiff enlisted in the Army where he served for some six months, being honorably discharged on June 1, 1943. Following his discharge plaintiff made application to defendant to be restored to the position previously held by him. The defendant refused to rein-

360

state. Thereafter, in December of 1943, plaintiff filed his petition in the district court for relief in accordance with the provisions of the Act. The matter was heard on December 29, 1943, at which time the petition was dismissed. On appeal the Circuit Court, in an opinion rendered on September 12, 1944, 144 F.2d 653, reversed the finding of the district court, and held the plaintiff to be eligible for protection under the Act.

Thereafter, in accordance with the mandate of the Circuit Court, an ex-parte order was entered on October 5, 1944 providing for the reinstatement of the plaintiff to his former position and further ordering the defendant to compensate and pay to the plaintiff $55 per week for the period commencing June 1, 1943, until the time the defendant shall have restored plaintiff to the position he had previously held.

An order to show cause was granted staying execution and permitting defendants to make this application for vacation of the order entered October 5, 1944, and for entry of an order directing the defendant to pay the plaintiff compensation for the loss of one year's wages.

■ The purpose and intent of Congress in framing section 8 of the Selective Training and Service Act was, I think, twofold. It was designed to provide for the rehabilitation of the returning veteran so that he might be equipped to enter a highly competitive world of job finding without the handicap of a long absence from work, as well as to provide for his financial stability for the period of at least one year following his discharge from service. The act aimed, in my opinion, to present an opportunity for men to reacquire dormant skills and to provide an equal opportunity to return to the pursuit of the work for which they have a particular aptitude. Were this not so, it would suffice if the equivalent of one year's salary were paid the veteran if he was unlawfully denied reinstatement by his former employer.

■ The act provides, in addition, that the employer who wrongfully denies reinstatement to the veteran shall compensate him for the loss of wages or benefits suffered by reason of the employers unlawful action. This provision is not designed as a penalty upon the employer, but primarily to aid the veteran who, until he has been reinstated, is unable to re-establish himself as a wage earner in his proper field of endeavour.

■ Where the veteran, notwithstanding the employer's refusal to restore him to his former position, is able to pursue his trade or profession and actually does so, it is the opinion of this court that, while the veteran may remain within the protection of the act, his situation is not of the type which the Act is primarily intended to alleviate, and compensation should be determined accordingly.

■ The Act provides a definite course of procedure whereby the discharged veteran might immediately have recourse to the District Court upon the refusal of an employer to restore him to his former position. The Act contemplates that such action shall be taken immediately upon an employer's refusal to restore and specifically instructs that "The court shall order a speedy hearing in any such case and shall advance it on the calendar." It follows that if proceedings are not instituted in the District Court until some six months following the veteran's discharge from service and the employer's refusal to restore him to his former position, notwithstanding that negotiations between the employer and the veteran have been held in the interim, it would be beyond the scope of the Act to compel the employer to compensate for such extended period.

■ In the instant case, it is my conclusion that the plaintiff is entitled to be reinstated to the position he has previously held with the defendant corporation. In addition he is entitled to receive compensation in the amount of $55 weekly for the period between the institution of the District Court action until that court rendered an opinion adverse to the plaintiff and favorable to the employer. For the period during which the decision favorable to the employer remained outstanding and unreversed, no compensation shall be paid. From the date of the Circuit Court opinion reversing the finding of the District Court until the defendant shall have restored the plaintiff to his previously held position, the plaintiff is entitled to compensation in the amount of $55 per week.

The order previously entered on October 5, 1944, is vacated and a new order may be entered in accordance with the relief granted herein.