### WEINRIB v. AMERICAN BINDER CO., Inc., et al.

District Court, S. D. New York.
Feb. 18, 1946.

Saul H. Nack, of New York City, for plaintiff.

Marshall, Bratter, Seligson & Klein, of New York City, for defendants.

HULBERT, District Judge.

This motion is (1) to dismiss the action against all defendants, other than the Permo Bindery, Inc., hereinafter referred to as Permo, for failure to state a claim against the defendants, other than Permo, upon which the relief sought can be granted, and (2) to strike from the complaint as immaterial, impertinent and scandalous matter in 24 certain designated paragraphs and portions of three others.

For the purpose of this motion, all well pleaded allegations of fact are to be accepted as true.

The complaint alleges that American Binder Company Inc. (hereinafter referred to as American) is, and Permo was, a New York corporation, of which the defendants Sol Scheinman, Roy W. Arnold and Victor Scheinman were the principal stockholders, officers, directors, and in complete control of both of said corporations; that Hortense W. Scheinman, Mildred Arnold and Roslyn Scheinman are the respective wives of the individual defendants above named.

American maintained a factory and place of business at 737 Broadway, New York, N. Y., and was engaged in the manufacture of various acetate products or novelties.

In November, 1941, Permo was organized as a subsidiary of, and American turned over to it, the use of its aforesaid factory, its machinery and equipment and made available to Permo its employees and these two corporations jointly maintained and operated said business.

Plaintiff was and had been since 1939 employed by said American in its factory, as foreman.

In December 1941 at the request of American plaintiff entered into a written contract of employment with Permo for the year 1942 at a salary of $35 per week, plus 10% of the net profits earned by the defendant Permo during said year, less certain specified deductions.

On or about Feb. 2, 1942, plaintiff's basic salary was increased to $40.

In January, 1943, this contract of employment was renewed for that year upon the same terms and conditions.

Plaintiff was inducted into the United States Army March 6, 1943, and was honorably discharged September 10, 1945.

The complaint further alleges that during the period of plaintiff's service in the United States Army, the moving defendants by a fraudulent plan and scheme, siphoned out the profits of Permo and ultimately acquired its assets by the use:

(a) of a partnership purporting to consist of the female defendants under the name of Hillair Publishing Company, and the formation of a limited partnership wherein—

(b) Sol Scheinman, Roy W. Arnold and Stuart M. Goldsmith were the general partners and Hortense Scheinman and Mildred Arnold were the limited partners, doing business under the firm name of Quincy Manufacturing Co.,

for a wholly inadequate consideration, and then caused Permo to be dissolved.

The aforesaid business carried on at 737 Broadway, seems to have enjoyed considerable prosperity; the complaint alleges that the true and actual net profits of defendant Permo for the year 1942 were at least $130,000 after deduction for taxes, depreciation and necessary reserves for bad debts and the like, and in the sum of $20,000 for 1943 up to the date of plaintiff's induction into the United States Army.

Plaintiff brings this action pursuant to Sec. 8 of the Selective Training and Service Act, as amended, 50 U.S.C.A.Appendix, § 308. His prayer for relief is:

1. That defendants be required to restore plaintiff to his position for a minimum period of one year upon the same terms and conditions as heretofore enjoyed by plaintiff and with all rights of seniority.

2. That defendants be required to pay the plaintiff such loss of wages and other benefits as he has sustained in consequence of their fraudulent acts and conduct and their refusal to restore him to his position.

3. That defendants be required to pay to plaintiff the costs of this action and reasonable attorney's fees to be allowed by the Court.

4. That plaintiff have such other and further relief as is just.

While it is true that Rule 8(e) (1), F.R.C.P., 28 U.S.C.A. following section 723c, provides:

"Each averment of a pleading shall be simple, concise, and direct. * * *"

Rule 9(b) provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *"

The plaintiff is not suing for damages for conspiracy; in fact the defendants assert that he has brought another action in the State Court for that relief, although there is nothing in the record before me which so indicates; but the theory of this action is that in order to deprive plaintiff of the profits to which he asserts he was entitled at the time of his induction, namely, 10% of approximately $150,000, the defendants have made the plaintiff's reappointment impossible by putting his employer, at the time of his induction into the United States Army, out of business without loss to them but for their sole gain and profit.

It was suggested on the argument, by defendants' counsel, that the course of action taken by the defendants might have been for tax purposes and that would be of no concern to the plaintiff, but is it not also quite as possible, if such recourse were had for tax purposes, that the plaintiff could have been included in such a plan and scheme?

Prior to plaintiff's said induction, at the request of American and Permo, he alleges, he trained another employee to perform substantially all of the duties which the plaintiff discharged as foreman, and that such employee took over and is still performing such duties at a lesser total compensation.

Upon plaintiff's honorable discharge from the United States Army he immediately notified defendant Arnold and made demand for return to his position; that Arnold refused to restore plaintiff to his position; he also made similar demand upon Quincy Manufacturing Company, with like result; that by reason of the alleged fraudulent plan and scheme of defendants, plaintiff has been deprived of his position and is presently unemployed.

Assuming the allegations of the complaint to be true, it follows that it states a claim upon which plaintiff is entitled to relief. Whether he can prove a cause of action upon the issues which will be raised by the defendants' answer is a matter for the trial judge.

In the circumstances, the matter sought to be stricken is not immaterial, impertinent and scandalous, and the motions are in all respects denied, with leave, of course, for the defendants to answer, or to move for an amplification of the complaint if the defendants, or any of them, are so advised. Settle order on two days notice.