## SULLIVAN v. MILNER HOTEL CO. et al.

### No. 5643.

District Court, E. D. Michigan, S. D.

July 27, 1946.

Clark, Klein, Brucker & Waples, of Detroit, Mich. (R. A. Sullivan, of Detroit, Mich., of counsel), for plaintiff.

Miller, Canfield, Paddock & Stone, of Detroit, Mich. (George C. Tilley, of Detroit, Mich., of counsel), for defendants.

LEDERLE, District Judge.

### Findings of Fact

1. This action was instituted by plaintiff, Dorothea L. Sullivan, a World War II veteran, to compel her civilian employer to comply with the reemployment provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308.

2. Milner Hotel Company, a corporation, was named as the sole original defendant. Answer was filed by Milner Hotels, Inc., a Michigan corporation. At the time of trial, by a consent order, this latter corporation and Milner Hotels Management Co., Inc., a Delaware corporation, were joined as parties defendant, and the case was tried on the theory that the complaint alleged a cause of action against all three defendants and that the answer was on behalf of all three.

3. Apparently, there is no such entity as the originally named defendant, Milner Hotel Company, a corporation, and the judgment herein will accordingly contain a provision dismissing the case as to such defendant.

4. The other defendants are two of a large number of separately incorporated companies comprising the nation-wide Milner Hotels System chain.

5. From October 15, 1942, until January, 1944, plaintiff was permanently em-

ployed as a receptionist and switchboard operator in the so-called general office of the Milner Hotels System chain in Detroit at a salary of $34 per week. The bookkeeping and salary checks relating to compensation of plaintiff and other general office employees were handled by Milner Hotels, Inc., a Michigan corporation.

6. Plaintiff left said employment in order to be, and was, inducted into the United States Marine Corps on January 10, 1944. She served therein continuously until November 1, 1945, at which time she received an honorable discharge.

7. During the time plaintiff was in Marine Corps service, upon advice of the Milner Hotels System accountant, Milner Hotels Management Co., Inc., a Delaware corporation, was selected as the disbursing agent for the general office personnel salaries and thereafter salary checks and bookkeeping thereof were handled as a function of this latter corporation. No other changes were made in the conduct, composition, ownership or control of the general office.

8. Following plaintiff's Marine Corps discharge and prior to December 31, 1945, plaintiff was in poor health, and had some general discussions with various co-employees of the Milner general office as to whether or not she would return to work there. Some intimation was made by Milner employees that if plaintiff would return to work immediately, a place might be made for her as a file clerk and switchboard operator. However, no definite commitment was made by agents of defendants, and no definite decision relative to resuming civilian work was made by plaintiff, until December 31, 1945.

9. On December 31, 1945, plaintiff requested of defendants' agents that she be restored to her position in accordance with the provisions of the Selective Training and Service Act, which request was then refused. Subsequently, plaintiff attempted to accomplish a restoration through the assistance of the Selective Service and United States Attorney's offices. Being unsuccessful, she retained counsel and instituted this action.

10. On December 31, 1945, plaintiff was, and still is, qualified to perform the duties of receptionist and switchboard operator.

11. The switching of general office salary bookkeeping and disbursing functions from one affiliated corporation to another, without any other change in the conduct, composition, ownership or control of such office, was not a change in the employer's circumstances making it impossible or unreasonable to restore an employee-veteran to her former position.

### Conclusions of Law

1. This is an action by an employee of a private employer to enforce compliance with the reemployment provisions of the Selective Training and Service Act of 1940, as amended, over which this court has jurisdiction. 50 U.S.C.A.Appendix, § 308(e); Droste v. Nash-Kelvinator Corp., D.C., 64 F.Supp. 716.

2. Where, as here, an employee who, in order to perform service in the land or naval forces of the United States, left a permanent position in the employ of a private employer and thereafter received an honorable discharge, was still qualified to perform the duties of such position, and made application for reemployment within 90 days after she was relieved from such training and service, she is entitled to be restored by the employer to such position, or to a position of like seniority, status and pay and to be compensated for any loss of wages or benefits suffered by refusal to reemploy, where, as here, the employer's circumstances have not so changed as to make it impossible or unreasonable to do so, and such employee may not be discharged from such position without cause within one year after such restoration. 50 U.S.C.A.Appendix, § 308(b) and (c).

3. An employee "is not pressed for a decision immediately on his discharge but has the opportunity to make plans for the future and readjust himself to civilian life." Fishgold v. Sullivan Drydock, etc., Corp., 66 S.Ct. 1105, 1111.

4. Accordingly, plaintiff was entitled to be restored to the position of receptionist and switchboard operator in the

Milner Hotels System general office in Detroit, or to a position of like seniority, status and pay, in accordance with her request made December 31, 1945, and to retain such position for one year thereafter, subject only to the employer's right to discharge for cause.

5. The switching of general office salary disbursing and bookkeeping functions from one affiliated corporation to another in the Milner Hotels System, without any other change in the conduct, composition, ownership or control of such office, would not relieve either corporation of statutory reemployment duties and obligations toward employee-veterans of the former corporation. The defendants inter se having chosen under these circumstances to clothe Milner Hotels Management Co., Inc. with the employment and salary payment functions and obligations formerly carried out by Milner Hotels Inc., "the two companies must be treated as identical in so far as the statutory rights of the veteran are concerned." Trailmobile Co. v. Whirls, 6 Cir., 154 F.2d 866, 871, cert. granted 326 U.S. ——, 66 S.Ct. 1364.

6. Judgment is accordingly being entered simultaneously herewith, providing as follows:

(a) Dismissing the case as to defendant, Milner Hotel Company, a corporation, without costs.

(b) Requiring defendants Milner Hotels Inc., a Michigan corporation, and Milner Hotels Management Co., Inc., a Delaware corporation, forthwith to restore plaintiff, Dorothea L. Sullivan, to the position of receptionist and switchboard operator in the general offices of the Milner Hotels System chain in Detroit, Michigan, at a salary of $34 per week, or to a position of like seniority, status and pay, from which position she shall not be discharged without cause prior to December 30, 1946.

(c) Requiring defendants Milner Hotels, Inc., a Michigan corporation, and Milner Hotels Management Co., Inc., a Delaware corporation, to pay to the plaintiff, a sum equivalent to $34 per week for each and every week commencing with December 31, 1945, and ending with December 30, 1946, or the date of position restoration re-quired by the preceding subdivision, whichever occurs sooner.

In accordance with findings of fact and conclusions of law filed simultaneously herewith, it is hereby ordered and adjudged as follows:

(a) That this case be and it is hereby dismissed as to defendant, Milner Hotel Company, a corporation, without costs to any party.

(b) That the defendants, Milner Hotels Inc., a Michigan corporation, and Milner Hotels Management Co., Inc., a Delaware corporation, forthwith restore plaintiff, Dorothea L. Sullivan, to the position of receptionist and switchboard operator in the general offices of the Milner Hotels System chain in Detroit, Michigan, at a salary of $34 per week, or to a position of like seniority, status and pay, from which position she shall not be discharged without cause prior to December 30, 1946.

(c) That the defendants, Milner Hotels, Inc., a Michigan corporation, and Milner Hotels Management Co., Inc., a Delaware corporation, pay to said plaintiff a sum equivalent to $34 per week for each and every week commencing with December 31, 1945, and ending with December 30, 1946, or the date of position restoration required by the preceding subdivision, whichever occurs sooner.