**VAN DOREN v. VAN DOREN LAUNDRY SERVICE, Inc.**

Civ. A. No. 7768.

District Court, D. New Jersey.
Aug. 14, 1946.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., by Edward V. Ryan, Asst. U. S. Atty., of Jersey City, N. J., for petitioner.

John Ryan, of Elizabeth, N. J., and Wm. M. Beard, of Westfield, N. J., for respondent.

MADDEN, District Judge. (Orally.)

This case comes before the court on the petition of a veteran under the Selective Training and Service Act of 1940, 50 U.S. C.A.Appendix, § 301 et seq., for reinstatement to his job which he held upon his entry into the armed forces.

The defenses now developed are threefold. Firstly, that no application was made for the job within the time limit prescribed by the statute; secondly, that the position of the company has so changed his re-employment would be a burden and be unreasonable upon the respondent, and thirdly, the added separate defense that the petitioner is not physically qualified to hold the position.

Taking them in their inverse order, there is in evidence testimony that the petitioner suffered at times from some form of seizures or epileptic fits. However, there is no testimony in the case that I could in the slightest degree find that his condition is any different today than it was when he left the employ of the company to enter the armed forces in early November of 1942. The only testimony in that respect is the petitioner's statement that his condition is considerably improved. We have nothing to rebut that, but the very least that can be said is that it was the same as it was when he was in the employ of the company. If he was not qualified to work for the company, he should have been dismissed. If, they in their generosity, saw fit to keep him at that time, certainly that generosity should move them after he has served honorably in the armed forces of the United States. But I must take into further consideration in that respect the honorable discharge which is in evidence— there is a photostatic copy of it in evidence before me—the honorable discharge of the petitioner dated December 27, 1944, and the statement therein contained, "Physical condition when discharged—Good". In rela-

tion to the man's physical condition, it was apparently good enough to serve a year on active duty overseas in the armed forces and continued in the enlisted reserve until December 27, 1944. That, of itself, bespeaks to the court, at least a sufficient amount of physical ability to hold the job which he held at the time he entered the armed forces.

In relation to the financial condition of the company being changed, I must hold, as I have ruled out all testimony concerning the reorganization, that I do not believe that this court is concerned with that. I allowed in the testimony of the condition of the company as it exists today. The condition of the company today, according to its present office manager, is very good. They are doing a gross business of $4,000 a week, considerably better than the condition of the company when the petitioner left the service of the company to enter the armed forces, November of 1942. I must take into consideration the fact that the man who is presently doing the largest portion of the petitioner's work was working there when the petitioner left to go into the Army, and that at that time, this man was making $60 a week, and he is presently making $110 a week because he has the additional burden of doing some of the work performed by the petitioner, and, I think, his testimony was in addition to performing those duties, he is also performing duties performed by another employee, another brother, but in any respect it was testified by the respondent, the responsible officers of the respondent, that in the application to the Government to raise the office manager's salary it was based on the fact that he was doing increased duties, increased by the absence of petitioner in the case. So that I can not say that the position of the company today is so changed from the period when he left to go into the service as his employment would result in a hardship and be unreasonable to the company.

Now, in relation to the first point, that the petitioner has not made application in time, we come to a disputed question of fact, namely, he says that he, and he produces a certificate of service that he was removed from active service December 2, 1943, attended a meeting of the Board of

Directors December 16, 1943, and at that time he asked for the return of his job. That is disputed by the respondent. It is admitted, however, by the respondent that on March 16, 1944, at a meeting of the Board of Directors he asked for some future employment with the company or a return to his job at some future time. The respondent seeks to escape the result of this by saying at that time, the petitioner was not qualified to work for the respondent by reason of the fact that he was still in the reserve, that he wasn't qualified to work for the respondent at all until some time subsequent to his ultimate honorable discharge, December 27, 1944, and that after his honorable discharge he has not filed or made an application for reinstatement or re-employment, and, that, therefore, by reason of not making an application for re-employment subsequent to his honorable discharge, he has lapsed his rights under the Selective Training and Service Act. In a disputed question of fact, I must give credence where the reasonable things seem true. Here, we have a man, a business man, coming out of the Army after serving in the 1st World War, and then serving in this one, going back to a business meeting of the corporation on December 16—he was a director, and he was and still is treasurer of the company. Prior to his entry into the service of his country, he was manager of that business, or office manager of that business, at a salary of $80 a week. It is in the testimony that he only has, exclusive of that $80 a week, a very small income, and it seems highly unreasonable to the court that a man with a small income from a private source, would not make some effort to, at least, talk about where his job would be, especially if there was a job paying a man $80 a week, and to which, if he knows his law, and we are all presumed to know it, he was legally entitled.

■ So that, the court will find as a matter of fact that on December 16, 1943, the petitioner made an application for the return of his job, and that was brushed aside, and furthermore, on the other side of the question, it is admitted that on a number of occasions, the return of his job was discussed, and it is in the record that on a number of months, at various meetings of the Board of Directors, his status, his employment was discussed. It was at one time prior to his ultimate discharge in 1944, suggested by the secretary of the company that he take a different position, namely, that of route driver. Prior to going into the service, he had been office manager, and this job would pay $50 a week by comparison to that which he had received prior to entering the service, $80 a week.

■ Now, it is the opinion of the court, firstly, as a matter of law, that he made application and he was qualified to go to work for the company even though he was in the enlisted reserve, and I find further that his application was a continuing offer on his part and it was denied as such all during the time and up to the present time, as evidenced by his visits to his Draft Board, his visits to the Selective Service Headquarters at Trenton, his visits to the Veterans' Administration at Washington, and his ultimate filing of suit in this court. His application for re-employment is a continuing application. It started prior to the date of his honorable discharge. If there is a technical point, and I do not think there is, and as a matter of law, I find there is none, but if there is a technical point that he was not qualified to work for the company prior to his discharge, I find his application for re-employment was a continuing application, and it was properly made to the company subsequent to his discharge.

I recognize, gentlemen, that this is a family quarrel, a family fight. I can not recognize that this company is on the verge of bankruptcy or will go bankrupt if he is ordered back, but I do recognize they were in reorganization. Why, I do not know because they had a lot of assets in buildings and trucks without too great a debt, but that is for the men who are running the business to determine. I also recognize that it was serious enough to file reorganization proceedings in this court which had given them serious concern.

With that thought in mind, I will make the following findings of fact.

1. I find as a matter of fact that the petitioner is a resident of this district and the court has jurisdiction.

2. The respondent is a corporation doing business in this district.

3. That prior to November 2, 1942, the petitioner was in the employ of respondent as treasurer and a director, office manager and purchasing agent, and that as office manager and purchasing agent, he received a salary of $80 a week.

4. That he left the employ to enter the armed forces of the United States, and he entered such service on November 2, 1942, and that he was placed on the inactive list on December 2, 1943, and given a certificate of service.

5. That he subsequently made application for re-employment on December 16, 1943, and that application was denied, and he was not given his job back, that that application is a continuing one.

6. That he ultimately received his honorable discharge on December 27, 1944, the application being a continuing one, it was denied, and he was not given his job back subsequent to December 27, 1944, and he has not been given his job as yet.

I, therefore, conclude as a matter of law that the petitioner is entitled to be re-employed by the respondent, Van Doren Laundry Service, Inc., as office manager and purchasing agent at a salary of $80 a week.

The petitioner brings suit as an incident to the petition—he brings a claim for the loss of wages from the 15th day of December, 1943 to the date of his actual restoration. In reference to that, it is within the discretion of the court to find from the facts whether such judgment should be given. By reason of the reorganization proceeding the company was in, I can see why they would be reluctant to hire the petitioner. Nevertheless, the court has passed upon that question now and I say they must take the petitioner back. However, I do not think from all the facts and circumstances, a money judgment should run incident to this petition, and I will, therefore, dismiss that portion of the petition seeking a money judgment for the time he has not worked, but I direct the company to retain him, the petitioner, in their employ for a period of one year from the date he is restored.