## DODDS v. WILLIAMS.
### Civil Action No. 745.

District Court, D. Arizona.

Nov. 20, 1946.

---

F. E. Flynn, U. S. Atty., and Chas. B. McAlister, Asst. U. S. Atty., both of Phoenix, Ariz., for petitioner.

George D. Locke, of Phoenix, Ariz., for respondent.

LING, District Judge.

The above entitled cause having come on regularly for hearing before the Court without a jury on the 19th day of February, 1946, the petitioner, Jack George Dodds, being · represented by Frank E. Flynn, United States Attorney for the District of Arizona, and Charles B. McAlister, Assistant United States Attorney, and the defendant, Ray W. Williams, appearing in person and by his attorney, George D. Locke, witnesses having been sworn and evidence presented, and both· parties having rested, the Court having taken the matter under advisement until the 22nd day of April, 1946, at which time the parties hereto were requested by the Court to appear and present additional evidence on the question of damages, and said evidence having been submitted on stipulation of the parties hereto, the Court being fully advised in the premises finds:

### Findings of Fact

1. That this is an action brought by petitioner under the provisions of the Selective Training and Service Act of 1940, as amended, 54 Stat. 885, Title 50 U. S. C. A. Appendix, § 308.

2. That the defendant, Ray R. Williams, erroneously named·as Ray W. Williams in the petition filed herein, a resident of Maricopa County, within the State and District of Arizona at all times mentioned in the petition, held the franchise for, and was the owner of, the Glendale Taxi Service which operated in Glendale, Arizona and vicinity; that he was also the owner and manager of the Peoria-Glendale Transfer Company which operated in the same general area;

3. That the petitioner, Jack George Dodds, a resident of Glendale, Arizona, was employed by the defendant in his trucking and transfer business for several years prior to the summer of 1942; that during the month of June, 1942, or thereabouts, the defendant took over his taxi business from one A. C. Barker, who had theretofore been operating it under lease; that thereafter the petitioner and defendant entered into a verbal agreement under which petitioner was to act as manager or foreman of the taxi company for defendant for a monthly compensation equal to fifty per cent of the gross proceeds of said taxi business, less the cost of gasoline and drivers' wages; and whereby the defendant was to receive the other fifty per cent of the gross earnings and to pay therefrom the repairs, overhead, taxes and office rent; that defendant had general supervision over the operations of the taxi business and had the right to terminate the agreement and discharge the petitioner at any time;

4. That petitioner continued managing and operating the taxi service until the 26th day of August, 1942, at which time he enlisted in the United States Navy, remaining in the service until February 9, 1945, at which time he was given an honorable discharge; that at the time of his discharge and at all times since, the petitioner was in good physical condition and well able to perform the duties required of him in operating said taxi service;

5. That petitioner verbally applied for reinstatement in his old position shortly after his return to Glendale in the month of February, 1945; that he made formal written application therefor on the 18th day of April, 1945, but was refused re-employment by the defendant, first for the reason that defendant was satisfied with the employees then working for him, particularly the person, Jay Galloway, who was employed in a position very similar, though not identical with that which petitioner had held prior

to his entry into service, and, later, on the further ground that defendant believed he was not required to re-employ petitioner under their verbal agreement; that defendant later offered petitioner another job as a regular cab driver under the supervision of the said Jay Galloway, which petitioner rejected; that defendant has at all times since the said 18th day of April, 1945, refused and continues to refuse to restore petitioner to his former position, or to a position of similar seniority, status and pay;

6. That the aforementioned Jay Galloway, who occupied the position to which petitioner sought to be restored, earned during the year following petitioner's request for re-instatement, the sum of $2,951.90, according to records of the defendant herein; that the petitioner was not employed nor did he make any effort to obtain employment other than with defendant during the year following his discharge from the Army;

7. That by reason of defendant's refusal to reinstate petitioner during the year following his application therefor, petitioner has suffered damages in the amount of $1,800.

### Conclusions of Law

And from the foregoing facts concludes:

1. That the Court has jurisdiction of the parties and of the subject matter of this action.

2. That petitioner held such a position in the employ of the defendant as to bring the parties hereto under the provisions of the Selective Service Act of 1940, as amended (§ 308, Title 50, U.S.C.A. Appendix); that after timely application for re-instatement by petitioner, defendant wrongfully refused to restore petitioner to his former position with the same seniority, status and pay, and has refused to restore petitioner to a similar position of like seniority, status and pay;

■ 3. That defendant should have restored petitioner to his former, or to a like position, with the same seniority, status and pay, on or after the 18th day of April, 1946, at which time formal application for re-instatement was made by petitioner;

■ 4. That petitioner should have made an effort to obtain other work and minimize the amount of his damages, but that he is nevertheless entitled to judgment in the sum of $1,800.00 as and for compensation for the year commencing April 18, 1945, and ending April 18, 1946, together with interest thereon at the rate of six per cent per annum from the 19th day of April, 1946 until paid;

■ 5. That the United States of America is entitled to judgment for costs which it incurred in this matter, this suit having been brought under the terms of subsection (e) § 308, Title 50 U.S.C.A. Appendix.