### McFADDEN v. DIENELT et al.
### No. 26183.

District Court, N. D. California, S. D.

Dec. 2, 1946.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for petitioner.

Edmond M. Sullivan, of Carmel, Cal., for respondents.

ROCHE, District Judge.

This is an action brought by a World War II veteran to compel reinstatement in his former position, pursuant to the provisions of 50 U.S.C.A.Appendix, § 308. Petitioner, who is now employed by the United States Government, also seeks backpay and compensation from October 24, 1945, to September 17, 1946, the date of his present employment.

The record discloses that for some four years prior to his enlistment in the Army on August 31, 1942, the petitioner had been employed by one Willis J. Walker as manager of certain property located near Carmel, California, and known as the Mission Ranch. This property, consisting of approximately fifty acres, was improved with cottages and buildings and operated as a "guest ranch" providing entertainment, food and liquor to the public. Petitioner's compensation included room and board as well as a monthly salary.

Some two months after petitioner entered the service, Walker leased the Mission Ranch to respondent Margaret Musser Dienelt. In the summer of 1943, Walker died and the property passed to his widow, Alma Brooks Walker, from whom Margaret Musser Dienelt purchased it early in 1944. Ever since then Margaret Musser Dienelt has been the sole owner of the Mission Ranch.

Petitioner was honorably discharged from the army on August 22, 1945, and on October 24, 1945, applied to respondents for restoration to the position of manager. The application was refused.

It should be noted at the outset that the record is bare of any evidence to show that the position of manager even exists under the present ownership. It does appear that Margaret Musser Dienelt and her husband, Bertram G. Dienelt, co-respondent herein, have worked together as a family unit, devoting their joint efforts towards building a profitable enterprise. While the court agrees with the petitioner that statutory provisions designed to protect the rights of veterans should be liberally construed, even the most liberal construction could hardly require the creation of a job for a returned veteran.

However, assuming the position of manager did exist when the petitioner applied for reinstatement, the court is not persuad-

952

ed that this is a situation falling within the purview of the statute. Section 308(b)(B), which contains the pertinent language, reads as follows: "If such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so." In the instant case the petitioner's employer is dead and there has been a complete and bona fide change of ownership, entirely free from any suggestion of fraud.

Petitioner's authorities are distinguishable on this factual situation. In Sullivan v. Milner Hotel Co., Inc., et al., 66 F.Supp. 607, a decision of the United States District Court for the Eastern District of Michigan, Southern Division, the defendants were two of a large number of separately incorporated companies comprising the Milner Hotels System chain. The plaintiff had been employed as a receptionist and switchboard operator in the so-called general office of the chain in Detroit. While she was in the service, certain accounting activities were transferred from such general office to a Delaware corporation, one of the companies in the chain. The court found that no change of ownership but a mere transfer of bookkeeping operations was involved.

Weinrib v. American Binder Company, Inc., et al., 5 F.R.D. 514, a decision of the United States District Court for the Southern District of New York, on a motion to dismiss, involved an allegedly fraudulent scheme for the same ownership, by erasing a corporate entity and carrying on the business under a partnership set-up, to deprive the plaintiff veteran of his contractual rights under a contract of employment. Assuming the allegations to be true, there was thus no change in ownership but merely a change in the form of the ownership.

█ Petitioner was not employed by the Mission Ranch. The Mission Ranch is not a legal entity. Petitioner's contract of employment was with a private individual, Willis J. Walker, who is now dead. To hold that petitioner's right to re-employment survived the death of his employer and the sale of the property would be in effect, to hold that it was a right running with the land. Neither the cited cases nor the language of the statute support such a holding.

In accordance with the foregoing it is, therefore, ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the respondents and against the petitioner, and that the respective parties pay their own costs.