**JOHN S. DOANE CO. v. MARTIN.**

**MARTIN v. JOHN S. DOANE CO.**

Nos. 4248, 4275.

Circuit Court of Appeals, First Circuit.

July 17, 1947.

J. N. Welch, of Boston, Mass. (Hale and Dorr, of Boston, Mass., on the brief), for Doane.

William J. Koen, Asst. U. S. Atty., of Boston, Mass. (William T. McCarthy, U. S. Atty., of Boston, Mass., on the brief), for Martin.

Before CLARK (by special assignment), MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The petitioner brought this action under § 8(e) of the Selective Training and Service Act of 1940 as amended, 54 Stat. 891, 50 U.S.C.A.Appendix, § 308(e), the reemployment benefits of which have been extended to veterans of petitioner's class by § 7 of the Service Extension Act of 1941, 55 Stat. 627, 50 U.S.C.A.Appendix, § 357.

Respondent corporation at the time petitioner entered the service in March, 1942, was engaged in the wholesale and retail liquor business. Petitioner's mother owned all the stock of the respondent corporation and the petitioner managed the entire business. He served as president and director, and held the statutory office of general manager in order to apply for liquor licenses. The district court found that the position of sales manager was also included in petitioner's duties. The respondent prior to petitioner's entry into the armed forces employed at least 10 salesmen and the court below found that it was petitioner's duty to manage the salesmen and the sales department. As compensation for his duties petitioner received a salary of $35 per week.

After the petitioner went into the armed forces, his mother sold all of her stock in the respondent corporation to new owners. Under this new ownership the retail aspect of the business was sold, the location of the wholesale business was changed and the volume of business increased from $415,000 annual gross to over $2,000,000. The number of sales accounts increased from 1,000 to over 3,000 and there are now employed about 17 salesmen, including also a salesmanager who at the time of petitioner's application for reemployment was receiving a salary of $6,500 per annum. Upon his discharge from service on December 19, 1945, petitioner made seasonable application for reemployment with respondent as salesmanager. The district court found that petitioner was qualified to handle the sales managership for the respondent corporation. However, the respondent refused to reemploy petitioner as salesmanager but instead offered him a job as salesman at $35 per week which he declined. Respondent also offered to pay petitioner $35 per week even though he need not report for work at all, but this offer petitioner likewise refused to accept.

In answer to respondent's contention that petitioner should look to his mother rather than the corporation for reemployment, the court below found that petitioner's contractual relationship was with the corporation and that it is to the corporation that he should look for his rights under the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq. The court also ruled that petitioner was not entitled to be reinstated to the elective positions of president, director or general manager and no claim for reinstatement to such positions was made by petitioner. It ordered the corporation to reemploy the petitioner as salesmanager at a salary of $6,500 per year and awarded damages in that amount for respondent's failure to reemploy petitioner in the previous 12 months. However, judgment was entered only for $3,500 since the court ruled that petitioner owed the respondent a duty to mitigate his damages and it found that with reasonable efforts he might have earned $3,000 in the previous year. From that judgment both parties have filed appeals. The respondent corporation urges that the district court erred (1) in excluding certain evidence of petitioner's drinking habits while employed by the corporation; (2) in finding as a fact that petitioner was qualified; (3) in finding and ruling that respondent's offer was not in compliance with the spirit and intent of the law; (4) in ruling that petitioner was employed by the corporation and not by his mother; and (5) in finding and ruling that petitioner was entitled to reemployment in only a segment of his activities which he had carried on as director and president of the corporation.

540

■ At the trial the respondent made the following offer of proof: "The defendant offers to show through the testimony of witnesses that when the plaintiff, Martin, was employed by the John S. Doane Company, he drank heavily, even in the company of salesmen, and was sometimes so drunk that he would have to be sent away in a taxicab. This evidence is offered as bearing on his qualifications for the job in which he now seeks employment."

This evidence was excluded by the trial court as immaterial. We think that on the authority of Trusteed Funds, Inc., v. Dacey, 1 Cir., 1947, 160 F.2d 413, 421, decided subsequent to the decision of the court below, this action constituted error since such evidence was relevant to the issue of petitioner's qualifications. In that case the court in granting a new trial said: "It is our view that the past performance of the veteran in the position, especially conduct of the sort appellant sought to prove, has an obvious bearing upon the issue whether he presently has the qualifications of mind, temperment and character requisite for the position he seeks . . . The proffered evidence above referred to should have been received."

With respect to the weight to be accorded such evidence we refer to what this court has already said in the Dacey case.

We will not further examine respondent's argument that the district court erred in finding that petitioner was qualified to perform the duties of salesmanager since this is essentially a question of fact and any such similar finding after a new trial will depend on the evidence therein introduced.

In order to expedite the final determination of this case and to obviate if possible a subsequent appeal, we shall state our views on the rulings of law made by the district court and here assigned as error.

■ If petitioner was employed as a salesmanager by respondent prior to his entry into the armed forces, then the court below properly ruled that respondent's offer to reemploy him as a salesman at $35 per week, or in the alternative, to pay him $35 per week for not working, was not in compliance with the spirit and intent of the law. This was an offer of a position inferior to that in which the veteran had been employed and hence not the same position or a position of like seniority, status and pay. See Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 284, 66 S.Ct. 1105, 90 L.Ed. 1230. And the offer of a year's salary without working would not accord to the veteran the opportunity to reacquire skills and business habits which appears to be the purpose of the Act. See Kay v. General Cable Corp., D.C.N.J. 1945, 59 F.Supp. 358, 360.

■ Nor do we find any merit in respondent's argument that petitioner should look to his mother for reemployment rather than the corporation. The court below found that petitioner had a contractual relationship with the corporation as an employee. That being so the change in stock ownership would not affect petitioner's reemployment rights against the corporate employer. See The Trailmobile Co. v. Whirls, 6 Cir., 1946, 154 F.2d 866, 871, reversed on other grounds, 328 U.S. 831, 66 S.Ct. 1364, 90 L.Ed. 1607; Sullivan v. Milner Hotel Co., D.C.E.D.S.D. Mich. 1946, 66 F.Supp. 607, 610; Karas v. Klein, D.C.D. Minn. 1947, 70 F.Supp. 469; Selective Service Handbook § 305.6.

■ In its final assignment of error the respondent argues that since it is both unreasonable and beyond the terms of the Act to order petitioner's reemployment in the elective offices of president, director and general manager, it was error for the court to order reemployment in only a segment of petitioner's former activities with the corporation. There is no doubt that a veteran who held only an elective office with a corporate employer is not entitled to the benefits of the Selective Training and Service Act. See Trusteed Funds, Inc., v. Dacey, supra, 160 F.2d at page 422; Houghton v. Texas State Life Ins. Co., D.C.N.D. Tex. 1946, 68 F.Supp. 21, 23; McClayton v. W. B. Cassell Co., D.C.D. Md. 1946, 66 F.Supp. 165, 171 et seq. But that is not to say that where such officer is also employed in a separate capacity (one to which he would be entitled to be restored under the Act were it the only

position that he had held), he is not entitled to be restored at least to that position which is within the purview of the Act. See Parker v. Boyce, Inc., D.C., S.D. Cal.1946, 74 F.Supp. 581. We do not think that because the veteran held an elective office in addition to his other work he should therefore be deprived of all of his reemployment rights. Otherwise the remedial nature of this statute might be severely curtailed. Whether or not this veteran did hold the position of salesmanager, or whether his position as "the whole works" comprehended a position of much larger scope, are questions of fact to be decided by the trial court. After having ascertained what position, other than an elective one, the petitioner held prior to his entry into the armed forces, it is again the function of the trial court to decide on the facts as presented to it whether "the employer's circumstances have so changed as to make it impossible or unreasonable to" restore the veteran "to such position or to a position of like seniority, status and pay."

Petitioner on the other hand assigns as errors the court's findings that the veteran was under a duty to mitigate his damages; that with reasonable efforts he might have earned $3,000 a year, and that his damages were $3,500. We do not think that the trial court erred in finding that the petitioner owed the respondent a duty to mitigate the damages. As we have stated above, the main purpose of the Act was to grant to the veteran the opportunity to rehabilitate himself in his former work. The right of the veteran to be restored to his former position or to one of like seniority, status and pay is not unconditional. It is based on the fact that the employer's circumstances have not so changed as to

make it impossible or unreasonable to rehire him. The Act provides that the district court shall have power to compensate him for any loss of wages resulting from an employer's unlawful refusal to reinstate him to his former position. As was said in Bentubo v. Boston and Maine Railroad, 1 Cir., 160 F.2d 326, the district courts have discretionary power to reduce the damages under the Act. Moreover, in Van Doren v. Van Doren Laundry Service, D.C.N.J. 1946, 68 F.Supp. 938, 941[1] it was held that in the exercise of this power the district court may award no damages. Under the general rule of damages where one is injured or damaged by the wrongful act of another, he is bound to exercise reasonable care and diligence in mitigating the resulting damage. The Act was intended for the benefit of the veteran and not to penalize the employer. There is nothing in it which indicates that the compensation for loss of wages shall not be mitigated and we see no hardship in placing this duty upon the veteran. See Houghton v. Texas State Life Ins. Co., supra; Dodds v. Williams, D.C.D. Ariz. 1946, 68 F.Supp. 995, But see: Feore v. North Shore Bus Co., Inc., D.C.E.D.N.Y. 1946, 68 F.Supp. 1014 contra, reversed on other grounds 2 Cir., 1947, 161 F.2d 552.

In the matter of the mitigation of the damages, the burden is upon the respondent to produce evidence showing the amount of money the petitioner did earn, or with reasonable care and diligence could have earned, and since there is to be a new trial evidence to this effect should be presented.

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion.

---

[1] Reversed on other grounds, 3 Cir., 162 F.2d 1007.