Donald HOOD

v.

Duane B. LAWRENCE.

Civ. A. No. 1472.

United States District Court
D. New Hampshire.

June 29, 1955.

Maurice P. Bois, U. S. Atty., Arthur
J. Reinhart, Ass't. U. S. Atty., Ports-

**122**

mouth, N. H., Concord, N. H., for petitioner.

H. Thornton Lorimer, Thomas F. Shannon, Concord, N. H., for respondent.

CONNOR, District Judge.

Petition under the reemployment provision of the Universal Military Training and Service Act, Title 50 U.S.C.A. Appendix, § 459.

The petitioner was employed by the defendant, a dairy operator, from August, 1949, to December, 1951, when he entered the armed forces of the United States. He was honorably discharged on November 5, 1953, and on November 16 applied for his former position of bookkeeper and checker. The position was being filled by a daughter of the defendant, who had been employed for approximately the entire period the petitioner was in the service. The defendant declined to forthwith so reemploy him, and alleges that his circumstances had changed during petitioner's absence, making it unreasonable to require immediate reinstatement, and that temporary employment as either a wholesale or a retail route driver was offered, to permit adjustment of his business. Petitioner contends that the position offered was not one of like seniority, status, and pay, and that, even if it were, he was not given an opportunity to accept. He remained unemployed until March 10, 1954, when he obtained work with another firm, and now seeks to recover damages for loss of wages because of the claimed refusal to reemploy him.

▇ The issues in this action may be determined almost solely upon defendant's version of what transpired. The former position was available, the petitioner was still qualified to perform the duties thereof, and it was refused him. The tendered position was not comparable, within the purview of the pertinent requirement of the statute. The grounds advanced as change in the circumstances of the employer amount to no more than suggestions of possible inconvenience. It is well settled that such insubstantial reasons are not sufficient to invoke the defense accorded by Section 459, supra. Kay v. General Cable Corp., 3 Cir., 144 F.2d 653.

▇ I conclude that the defendant failed to comply with the requirements of the statute.

▇ The statute contemplates that the relief available to a returned serviceman is that he shall be reemployed and/or compensated for loss of wages or benefits suffered by reason of the employer's failure to so do, and since reinstatement is not sought, the only question remaining is that of damages.

▇▇ The purpose of an award of damages is to compensate the veteran rather than to penalize the employer, and the court is vested with discretionary power to fix the award so that it will not exceed the amount which the veteran has actually lost by reason of the employer's wrongful action. Boston & Maine Railroad v. Bentubo, 1 Cir., 160 F.2d 326; John S. Doane Co. v. Martin, 1 Cir., 164 F.2d 537. Reasonable construction of the statute is to be observed, and the defendant was not bound to reemploy the petitioner immediately upon application, but only after an interval affording the defendant a fair opportunity to adjust his affairs. I find that such could have been accomplished within two weeks after application and thus the date of reinstatement became fixed as December 1, 1953, with damages to be computed from that date.

▇▇ Petitioner's former salary and allowances totaled $300 a month. Despite reasonable efforts to obtain other work, he remained unemployed until March 10, 1954, a period of three months and nine days. In the interim he received state unemployment compensation in the amount of $120, and to this extent wage loss is reduced in computing an award of damages. Boston & Maine Railroad v. Bentubo, supra; John S. Doane Co. v. Martin, supra.

Upon the foregoing, I find and rule that the petitioner is entitled to the sum of $870, and judgment will be entered accordingly.