**KAY v. GENERAL CABLE CORPORATION.**

No. 8629.

Circuit Court of Appeals, Third Circuit.

Argued June 22, 1944.

Decided Sept. 12, 1944.

Henry K. Golenbock, of Perth Amboy, N. J., for appellant.

Ben Herzberg, of New York City (Pitney, Hardin & Ward, of Newark, N. J., on the brief), for appellee.

Before BRATTON and McLAUGH-LIN, Circuit Judges, and KIRKPA-TRICK, District Judge.

KIRKPATRICK, District Judge.

The Selective Training and Service Act of 1940 as amended by the Service Extension Act of 1941, 50 U.S.C.A.Appendix § 301 et seq., provides that any person who, upon entering the military or naval service of the United States, has left "a position, other than a temporary position, in the employ of any employer" shall, in the case of a private employer, be restored to such position or to a position of like seniority status and pay, "unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so." Section 308(b) (B).

The plaintiff, a company doctor (officially, "medical director") with the defendant corporation, left his position to enter the Army, served six months and was honorably discharged. The defendant refused to reinstate him and he applied to the District Court for relief under Sec. 8(e) of the Act. That court dismissed his petition on the ground that he did not hold a position "in the employ" of the defendant, and this appeal followed.

We are of the opinion that the plaintiff is eligible for the protection of the Act. The essential facts relating to his position are as follows:

On July 17, 1931, the plaintiff entered the service of the defendant on the basis of a full working week at its plant. Five or six months later this was reduced to three hours a day, except Sunday and half of Saturday, although he remained on call by the Company at any hour of the day or night and was expected to visit injured employees at their homes or at the hospital. His duties were to take care of all injured employees, giving first aid and all necessary medical care, to make pre-employment physical examinations and to conduct occasional routine physical examinations of all employees. Outside the plant, he maintained his own office where he received his private patients but where he was required also to receive and treat such employees as the Company sent him.

At the plant he had a waiting room, dispensary, treatment room, rest room, drug room and two examination rooms, all of which were furnished and fully equipped by the defendant. There were four nurses assisting him, employed by the Company, the plaintiff having no right either to employ or to discharge any of them.

The plaintiff's compensation was $55.00 a week which amount was regularly paid without regard to the number of patients he treated or the number of hours he spent in the Company's service, but which was on occasions reduced or increased to correspond with general wage and salary reductions and increases. From his weekly pay the Company deducted payments for social security and unemployment compensation. He had no contract for any definite period but was subject to dismissal at any time.

The status which the Statute protects is "a position * * * in the employ of" an employer—an expression evidently chosen with care. The word "employee" was not used. While it may be assumed that the expression which was adopted is roughly synonymous with "employee," it unmistakably includes employees in superior positions and those whose services involve special skills, as well as ordinary laborers and mechanics. Of course, the words are not applicable to independent contractors, but, except for casual or temporary workers, who are expressly excluded, they cover almost every other kind of relationship in which one person renders regular and continuing service to another.

The policy of the Act is stated in Sec. 1(b), 50 U.S.C.A.Appendix § 301(b), to be that "the obligations and privileges of military training and service should be shared generally in accordance with a fair and just system * * *" though such declaration was hardly needed. Every consideration of fairness and justice makes it imperative that the Statute should be construed as liberally as possible so that military service should entail no greater setback in the private pursuit or career of the returning soldier than is unavoidable. The question here presented, therefore, is not to be solved by the application of abstract tests or formulae; but the factors which usually determine the nature of a disputed relationship must be considered in the light of the purpose which Congress intended to accomplish.

Of course, the defendant could not exercise any control over the details of the plaintiff's work as a physician. The method of physical examination, the diagnosis and the treatment of injuries were

necessarily his sole province, and if the right to dictate the manner of doing the work were the final and decisive test the plaintiff could not be classed as an employee. However, even in cases where the interpretation of a statute is not involved, that is by no means the only thing to be considered. In the present case the manner in which the plaintiff was paid, the extent to which his time was at the Company's disposal and the right of the Company to discharge him at any time, point to an employee status rather than that of an independent contractor. So long as he was with the Company he did not have the practicing physician's freedom to choose his own patients but was bound to receive and treat every case referred to him by it. Ownership of the premises upon which the plaintiff did most of his work and of the instrumentalities used, as well as the control of the plaintiff's subordinates and assistants, were all in the defendant. For what it is worth, the defendant unquestionably considered him no different from any ordinary employee. It required him to punch a time clock, and rewarded him with the employee's regular ten year service button, the Army and Navy E certificates and employee's bonus for enlistment. When the Draft Board classified him 1-A, the defendant filed an affidavit for his deferment, in which it described him as a regular employee operating on a twenty-four hour daily schedule. The relationship which resulted from all these various factors, viewed in the light of the purpose of the Statute, is clearly a position in the employ of the defendant and is perhaps better described by that term than any other which could be found.

We agree with the learned Judge of the District Court that the circumstances of the employer did not, during the plaintiff's absence, change so as to make it unreasonable for the defendant to reengage him. The change in circumstances upon which the defendant grounded its refusal was this:

In addition to his position with the Company, the plaintiff had been engaged as physician for an employees' Health Association, each member of which paid a monthly premium. The plaintiff received a certain fee per month for each member, for which he was to give the members medical treatment for ills not connected with compensable injuries, which were the subject matter of his employment with the Company. When the plaintiff went into the Army the Health Association employed another physician. Upon his return the Association declined to reemploy the plaintiff, preferring the new man.

The position of the defendant is that it makes for greater efficiency and avoids some loss of the workers' time to have the same physician for both the Company and the Health Association. There is also a faint suggestion that the plaintiff had for some reason become unacceptable to the Health Association, but there is no evidence whatever of a change in his personal relations with the Company and it is not suggested that his professional qualifications, his mental or physical ability to do the work or his personal characteristics had altered in any way, or that the Company had any reason to believe that his services as medical director would be in any way different or less satisfactory than they were before he left.

The Act says, unless the "employer's" circumstances have changed. Primarily, no doubt, this was intended to provide for cases where necessary reduction of an employer's operating force or discontinuance of some particular department or activity would mean simply creating a useless job in order to reemploy the plaintiff. Without deciding whether a change in the returned soldier's relations with other employees or with third parties generally can ever constitute a change in the "employer's" circumstances within the meaning of the Act, and assuming that the refusal of the Association to reemploy him is a relevant fact, we are of the opinion that there was no change in this case which would make it unreasonable for the defendant to reengage the plaintiff.

Accepting the defendant's contention that there would be some loss of efficiency and possibly some additional expense involved, more than that is needed to justify refusal to reinstate a person within the protection of the Act. In most cases it is possible to give some reason for the refusal. "Unreasonable" means more than inconvenient or undesirable. The defendant's argument upon this point, if carried to its necessary conclusion, would defeat the main purpose of the Act and limit its operation to merely capricious or arbitrary refusals. Men and women returning from military service find themselves, in countless cases, in competition for jobs

with persons who have been filling them in their absence. Handicapped, as they are bound to be by prolonged absence, such competition is not part of a fair and just system, and the intention was to eliminate it as far as reasonably possible. The Act intends that the employee should be restored to his position even though he has been temporarily replaced by a substitute who has been able, either by greater efficiency or a more acceptable personality, to make it desirable for the employer to make the change a permanent one.

Because we are of the opinion that the plaintiff is a person holding a position in the employ of the defendant the judgment of the District Court is reversed and the case remanded for appropriate action.