SULLIVAN v. WEST CO., Inc., et al.
Civil Action No. 5785.

District Court, E. D. Pennsylvania.
Aug. 5, 1946.

178

Robert J. Lindsey, Jr., and I. G. Gordon Forster, of Forster & Baldi, all of Philadelphia, Pa., for plaintiff.

David H. Rosenbluth, of Straley, Ronon, Stevens & Young, all of Philadephia, Pa., for West Co.

Ira Jewell Williams, Jr., and Walter Y. Howson, of White & Williams, all of Philadelphia, Pa., for West Abrasives, Inc.

BARD, District Judge.

This action was brought by an honorably discharged veteran of the United States Navy under the provisions of Section 8(e) of the Selective Training and Service Act of 1940,[1] (1) to obtain an order compelling one of the two defendants to restore him to employment, and (2) to obtain compensation for loss of wages due to defendants' failure to re-employ him.

I make the following special

Findings of Fact.

1. Plaintiff, Howard J. Sullivan, is a resident of Philadelphia, Pennsylvania.

2. Defendant, The West Company, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1117 Shackamaxon Street, Philadelphia.

3. Defendant, West Abrasives, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1500 Walnut Street, Philadelphia.

4. On April 14, 1942, plaintiff was employed by The West Company, Inc., as a mill-man in the abrasive division. Plaintiff was paid sixty cents per hour as a learner between April and July 1942, sixty-five cents per hour between July and October 1942, and $1.10 per hour between October 1942 and November 1943.

5. Plaintiff was employed by defendant, The West Company, Inc., in a position other than temporary between April 1942 and November 1943.

6. Plaintiff left the employ of The West Company, Inc., in November 1943 to enter the armed forces of the United States and was inducted into the United States Navy on November 6, 1943.

7. On or about September 1, 1945, The West Company, Inc., sold and transferred the machinery, equipment, list of customers, and good will of its abrasive division to

---

[1] Act of September 16, 1940, c. 720, § 8(e), 54 Stat. 890, 50 U.S.C.A.Appendix, § 308(1).

Ira Jewell Williams, Jr., as agent. The operation of the abrasive division was subsequently taken over by West Abrasives, Inc., a subsidiary of General Grinding Wheel Corporation.

8. The transfer and sale of the abrasive division to West Abrasives, Inc., was absolute and final. There is no common ownership or control nor any other connection between the two defendant corporations.

9. Since the date of the transfer, West Abrasives, Inc., has operated the abrasive business formerly owned by The West Company, Inc. The operating employees in the abrasive division of the vendor became the employees of West Abrasives, Inc.

10. Since the date of the transfer, The West Company, Inc., has had no control over the operations of its former abrasive division and has had no supervision over the hiring or discharge of the employees of West Abrasives, Inc.

11. Since the date of the transfer, The West Company, Inc., has not manufactured products of the type formerly produced by its abrasive division. The West Company, Inc., continues to operate the rubber division of its business.

12. On November 4, 1945, plaintiff received an honorable discharge from the United States Navy.

13. On or about November 6, 1945, within the period prescribed by the statute, plaintiff made application for re-employment to The West Company, Inc., and West Abrasives, Inc. Both defendants refused to employ plaintiff as a mill-man.

14. At the time of these applications for employment and at all times thereafter plaintiff was qualified to occupy the position of mill-man.

15. At the time plaintiff applied for re-employment, The West Company, Inc., employed 180 shop employees, approximately the same number as it employed in November, 1943. All of these employees were in the rubber division, since the company was not operating an abrasive department.

16. The West Company, Inc., has a job classification of mill-man in the rubber department which is similar to the position occupied by plaintiff as mill-man in the former abrasive division. The rate of pay in this position in ninety-nine cents per hour.

17. All persons employed by The West Company, Inc., as mill-men in the rubber department became employees before plaintiff was hired and all have higher seniority ratings.

18. West Abrasives, Inc., has four abrasives mill-men at the present time. All of these mill-men were originally employed by The West Company, Inc., before plaintiff and have higher seniority ratings.

19. In November 1945, only three of the mill-men were working for West Abrasives, Inc. The fourth mill-man, Robert Naylor, was an employee of The West Company, Inc., who left his job and entered the armed forces in 1942. He was employed by West Abrasives, Inc. in February 1946.

### Discussion.

In November 1943 plaintiff left his job with The West Company, Inc., to enter the United States Navy. While he was still in service his employer sold the company's abrasive division, where plaintiff had been employed, to West Abrasives, Inc. Several days after receiving an honorable discharge from the Navy, plaintiff applied for re-employment at The West Company, Inc., under the provisions of Section 8(b) of the Selective Training and Service Act of 1940.[2] Employment was refused because the company had sold the abrasive division to West Abrasives, Inc., so that there was no position as abrasives mill-man available for plaintiff. Plaintiff immediately applied for employment at West Abrasives, Inc., the purchaser of the abrasive division. That company likewise refused to employ defendant.

Section 8(b) of the Act provides as follows:

"In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any

---

[2] Act of September 16, 1940, c. 720, § 8(b), 54 Stat. 890, as amended December 8, 1944, c. 548, § 1, 58 Stat. 798, 50 U. S.C.A.Appendix, § 308(b).

employer and who (1) receives such certificate [of satisfactory completion of period of training and service], (3) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year * * *

"(B)   if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *"

Plaintiff maintains that the requirements of the Act have been met in his case, and that one or the other of the two defendants should be required to employ him.

The West Company, Inc., contends that the sale of its abrasive division in which plaintiff was formerly employed is such a change in circumstances as to relieve it of the statutory obligations.   In support of this contention it points to the dicta in Kay v. General Cable Corporation, 3 Cir., 144 F.2d 653, 655, wherein the Court states that the proviso for changed circumstances "was intended to provide for cases where necessary reduction of an employer's operating force or discontinuance of some particular department or activity would mean simply creating a useless job in order to reemploy the plaintiff."

I have no doubt that, under ordinary circumstances, the sale of an entire business would relieve the vendor of his obligations under Section 8(b) of the Act.   I also have no doubt that, under certain circumstances not present here, the sale of a particular department or division of a business in which the veteran had been employed would likewise relieve the vendor of his statutory obligations.   However, it must be remembered that the Act does not limit the veteran's rights to restoration to the same job which he formerly occupied; it also requires, in the alternative, restoration to "a position of like seniority, status, and pay."

Although in the instant case the particular job which plaintiff had previously occupied no longer existed within The West Company, Inc., nevertheless that company still remains in active business and employs approximately as many shop employees as it had in its employ at the time plaintiff left to enter the Navy.   I do not feel that the sale of the abrasive division was, in itself, such a change of circumstances as to relieve The West Company, Inc., of its statutory obligations to plaintiff.   On the basis of these facts, I think that the plaintiff's statutory remedy, if any, is against The West Company, Inc.

It seems to me that if The West Company, Inc., is to relieve itself of its obligation to employ the plaintiff, it must produce evidence to show that there is no other "position of like seniority, status, and pay" to which plaintiff could be restored. It is incumbent upon The West Company, Inc. to produce such evidence if it wishes to avail itself of the defense of change of circumstances within the meaning of Kay v. General Cable Corp., supra.   It is true that The West Company, Inc. has shown that in order to re-employ plaintiff as a mill-man in its rubber division—a position closely related to plaintiff's former position as mill-man in the abrasive division—it would have to lay off an employee with greater seniority than plaintiff.   It is also true that the Act does not contemplate such a procedure.   Fishgold v. Sullivan Drydock & Repair Corporation, 66 S.Ct. 1105.   However, no testimony was offered by The West Company, Inc., as to the non-existence of any other "position of like seniority, status, and pay" within the company's organization.   In view of this hiatus in the testimony, I am unable to decide whether The West Company, Inc. is relieved from its obligation to re-employ the plaintiff.   I therefore conclude that the only means of doing justice both to plaintiff and to The West Company, Inc., is to require the submission of additional testimony as to whether there is any "position of like seniority, status, and pay" within The West Company, Inc. to which it would be possible and reasonable to restore plaintiff.

West Abrasives, Inc., who purchased the abrasive division, takes the position that it never employed plaintiff and, for this reason, plaintiff has no rights against it. Section 8(b) of the Act defines the persons entitled to the benefits of this section as one who "has left or leaves a position * * * in the employ *of any employer*" to serve in the armed forces of the United States. (Italics supplied) Section 8(b) (B) uses the words "if such position was in the employ of a private employer, such employer shall restore such person to such position * * *." The obligations of the Act are imposed upon the former employer of the veteran. This is The West Company, Inc., and not West Abrasives, Inc. The former employer still remains in active business and plaintiff's relief, if any, must be sought against that former employer, The West Company, Inc. West Abrasives, Inc., did not assume the obligations imposed upon plaintiff's employer by the act of merely purchasing the abrasive division where plaintiff was employed, at least, as in the present case, where the former employer still remains in active business after the transfer.

Conclusions of Law.

1. This Court has jurisdiction over this action under the provisions of Section 8(e) of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 308(e).

2. This Court has jurisdiction over the defendants.

3. Defendant, The West Company, Inc. is the defendant against whom plaintiff may assert his rights under Section 8(b) of the Act.

4. Defendant, West Abrasives, Inc., is not obligated to re-employ plaintiff under the provisions of the Act.

5. Judgment should be entered in favor of defendant West Abrasives, Inc.

6. Judgment as to defendant The West Company, Inc., will be reserved pending submission by that party of testimony as to the non-existence of a "position of like seniority, status, and pay." Unless such evidence is produced, judgment will be entered for plaintiff.