850

## MEYERS v. BARENBURG.
### No. 5591.

Circuit Court of Appeals, Fourth Circuit.

May 19, 1947.

Samuel H. Feldstein, of Baltimore, Md., for appellant.

Robert E. Coughlan, Jr., of Baltimore, Md. (Paul B. Mules, of Baltimore, Md., on the brief), for appellee.

Before PARKER, Circuit Judge, GRONER, Chief Justice, United States Court of Appeals for the District of Columbia (sitting by special assignment), and SOPER, Circuit Judge.

### GRONER, C. J.

Appellant was for some time prior to World War II engaged in collecting commercial accounts. In July, 1942, he was employed in this respect by appellee, a Baltimore physician, on a salary and commission basis. In July, 1943, he was inducted into the Army and in 1945 was discharged and thereafter applied to appellee for reinstatement. Appellee offered him all of his former territory, but on a commission basis only. Appellant declined re-employment except on his pre-war status, and thereafter brought this action in the district court to recover the equivalent of one year's pay.

Both sides agree that the vital question for decision is—had the circumstances of the employer so changed as to make it "unreasonable" to restore appellant to a "position of like seniority, status, and pay" as was formerly held by him at the time of his induction in the Army?" The War statute provides that "if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so." [1] The statute authorizes a motion or petition in the district court to require compliance with this provision.

The district court found the facts as follows: Appellee is a physician specializing in the treatment of the eyes and prescribing and furnishing eye-glasses to his patients. He employed appellant on a salary and commission basis to collect regular and delinquent installment payments due by customers residing in the western section of Baltimore. After appellant's induction in the Army appellee paid another person for a period of three months to take appellant's place at a similar salary and commission, but thereafter compensated this person entirely on a commission basis. This continued until July, 1944, and thereafter appellee employed a third person and a collection agency, also on a commission basis. In the early part of 1945 the agency virtually ceased to do any work for appellee because of the great decline in the number of appellee's accounts.

---

[1] Selective Training and Service Act of 1940, 54 Stat. 890, 50 U.S.C.Appendix, § 308(b) (B).

Appellee had not paid any salary to any individual or agency subsequent to September, 1943. After appellant's discharge from the Army in the early part of 1945, appellee offered appellant a permanent position as sole collector in the same territory in which he had worked as collector before entering the Service, but because the offer was wholly on a commission basis, appellant declined to accept any employment which did not also include a fixed salary equivalent to that formerly received by him.

On this statement of facts the district judge proceeded to inquire whether the doctor had borne the burden of proving that his "circumstances have so changed" as to make it impossible or unreasonable to restore plaintiff to his former position and salary. As to this the court found that when appellant was first employed in 1942 appellee had on his books more than $32,000 in outstanding accounts due by more than 4,000 individuals; that the corresponding figures in subsequent years were —in 1943, $24,640 in accounts due by 3,213 customers; in 1944, $9,673 in accounts due by 1,270 customers; in 1945, $6,078 in accounts and only 707 customers; and in February, 1945, at the time when appellant sought reinstatement, there was due only $5,819 by 731 individuals. This decrease in number of accounts and amounts, the court found, was due to the fact that during the peak period of the war appellee was called upon to make an abnormal number of eye examinations for workers in local war plants and that when the war ended these examinations diminished, as shown in the foregoing figures. The court likewise found that in the three months' period prior to appellant's induction the amount paid to him and to another collector in commissions averaged $235 a month. In the six months' period subsequent to appellant's return the amounts paid by appellee for collection services averaged only $110 a month, or less than half the amount expended for collections in the period preceding appellant's induction.

From these facts the court concluded that for more than two years prior to appellant's application for reinstatement appellee, in good faith and in order to conserve his greatly reduced professional income, was paying out for collection services for the entire City of Baltimore a sum considerably less than that paid to appellant alone during his former employment, and that appellee's change in his business arrangements prior to appellant's application for reinstatement was necessitated by supervening business conditions and was reasonable and necessary in the conduct of his financial affairs.

The able district judge who heard the case below, after careful and painstaking investigation, reached the conclusion that to recognize this demand would be unreasonable because in the interval appellee's business had so decreased that he no longer required the services of a salaried collector. That this conclusion is justified, the facts shown prove beyond the shadow of a doubt. The language of Section 308(b) (B) of the Act—"unless the 'employer's' circumstances have so changed," was said by the Third Circuit in Kay v. General Cable Corporation, 1944, 144 F.2d 653, 655, to provide for those cases where necessary reduction of an employer's operating force or his continuance of some particular department or activity would mean simply creating a useless job. And this is precisely what Judge Coleman correctly found would be the case if appellant's claim were recognized. So considered, it is obvious that in this case it would be unreasonable to require appellee to re-employ appellant on the terms of employment which obtained before the war.

Affirmed.