**James ELAM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 13123.

United States Court of Appeals
Sixth Circuit.

Jan. 3, 1958.

Emanuel Nadlin, Dayton, Ohio, for appellant.

James E. Applegate, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, Columbus, Ohio, Thomas Stueve, Cincinnati, Ohio, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This action was brought against the United States under the Federal Tort Claims Act to recover for personal injuries suffered by the appellant when as a pedestrian he was struck by a United States mail truck, at or near the intersection of Sixth and Main Streets, Dayton, Ohio, 28 U.S.C.A. § 1346.

After trial of the issues the district judge concluded that the appellant had "failed to prove by a preponderance of the evidence that * * * he was injured by reason of any negligence by the driver of the defendant's truck,"

and judgment was accordingly entered for the appellee.

As to the circumstances surrounding the collision there was a conflict in both the testimonial and physical evidence. We cannot say that the findings and conclusions of the trial judge were clearly erroneous, even though he placed considerable reliance upon the inferences drawn from the physical evidence which were contrary to much of the testimonial evidence favorable to the appellant.

The court was not in error, as the trier of the facts, in concluding that the Ohio "assured clear distance ahead" statute was inapplicable to the circumstances of this case. Section 4511.21 Ohio Rev.Code, Erdman v. Mestrovich, 1951, 155 Ohio St. 85, 97 N.E.2d 674, 31 A.L.R.2d 1417. Moreover, the court's rulings upon the admissibility of evidence were well within allowable discretion and free from error.

■ The trial judge filed a six page memorandum decision, setting out his basic findings and conclusions in considerable detail, and no separate findings of fact and conclusions of law were filed. The memorandum decision, while not containing specific findings on every subsidiary evidentiary issue, amply complied with the requirements of Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Accordingly the judgment is affirmed.