421 F.2d 212
 GLASSMAN CONSTRUCTION COMPANY, Inc., and Home Indemnity Company, Appellants,
v.
The UNITED STATES of America for the Use and Benefit of CLARK-FONTANA PAINT COMPANY, Inc., Appellee.
 No. 13349.
 United States Court of Appeals Fourth Circuit.
 Argued December 5, 1969.
 Decided January 27, 1970.
 
 Warren K. Kaplan, Washington, D. C., (Leonard S. Melrod, Washington, D. C., and David S. Goldberg, Rockville, Md., on brief) for appellants.
 Sebert H. Keiffer and Joseph F. Vallario, Jr., Washington, D. C., for appellee.
 Before SOBELOFF and CRAVEN, Circuit Judges, and MERHIGE, District Judge.
 CRAVEN, Circuit Judge:
 
 
 1
 This case was previously before us on appeal from a final judgment denying the present appellee, Clark-Fontana, any recovery. In our opinion reversing the judgment of the district court, United States ex rel. Clark-Fontana Paint Co. v. Glassman Construction Co., 397 F.2d 8 (4th Cir. 1968), we said nothing about further proceedings, other than to make it plain that Clark-Fontana was entitled to recover, but the judgment sent down to the district court contained the words "* * * remanded * * * to the * * * [d]istrict [c]ourt * * * for further proceedings not inconsistent with the opinion of the court filed herein." Thereafter, Clark-Fontana moved for an order of payment, which was resisted by Glassman, the appellant here, on the ground that our mandate contemplated a partial new trial and authorized the district court to take additional evidence and make findings of fact and conclusions of law. The district court felt foreclosed on all issues by our opinion, despite the language of the mandate, and directed that judgment be entered for Clark-Fontana. Glassman appeals from this order. We think the district court correctly interpreted the mandate in the light of the filed opinion and affirm.
 
 
 2
 The original suit was brought under the Miller Act, 40 U.S.C. §§ 270a, 270b (1964), by Clark-Fontana, a supplier of materials. Glassman, the defendant in that action, was a general contractor, who had agreed to build certain housing units for the government on Andrews Air Force Base, Maryland. Glassman sublet the painting work in the contract to Elmore Decorators, who sought to obtain the paint needed for the job from Clark-Fontana. To assure payment by Elmore, Clark-Fontana requested that Glassman pay Elmore by means of checks that had to be jointly endorsed by Elmore and Clark-Fontana. Glassman, Elmore, and Clark-Fontana signed a written agreement to this effect, and payments were made accordingly. Clark-Fontana, however, did not withhold all the money owed by Elmore from the checks. Seven of nine checks issued by Glassman were placed in Elmore's bank account with Clark-Fontana's permission. The other two were placed in Clark-Fontana's account, but on these occasions Clark-Fontana issued its own checks to Elmore in order that Elmore could meet its payroll. The end result was that Elmore experienced increasing financial difficulties, defaulted on its subcontract, and filed a voluntary petition in bankruptcy, leaving Clark-Fontana holding the bag for $9,251.55 worth of paint supplied.
 
 
 3
 Clark-Fontana sued Glassman and Glassman's surety, and Glassman defended in the district court on three grounds: waiver, estoppel, and payment. The district court found express waiver due to a waiver provision printed on the reverse side of the checks issued by Glassman. Having found waiver, the court considered it unnecessary to determine whether the defenses of payment and estoppel were valid. Nevertheless, on appeal Glassman briefed and argued all three defenses as grounds for us to affirm the district court. Indeed, Glassman devoted more space to the payment and estoppel defenses than to waiver. We held that the waiver provision on the checks fell short of the clarity and explicitness required under the Act and then considered the other two points urged by Glassman to support affirming the judgment of the district court. We held that the defense of payment could not be asserted validly because Clark-Fontana was under no legal obligation to deduct the amounts due from each check and, in fact, had not received the money owed for paint supplied. Next, we declared the defense of estoppel inadequate, since there had been no showing that Glassman had been misled to its detriment by Clark-Fontana. We thus considered all three defenses and rejected them. Nevertheless, on remand Glassman seized on the ambiguity of the mandate to assert that this court did not intend to pass on the issues of estoppel and payment (and, indeed, could not have done so) and requested that the district court try those issues de novo. When the district judge refused to reopen the case, Glassman made a proffer of evidence on the issue of estoppel. The court stated in its order that the proffer of evidence, if substantiated, would indicate that Glassman had been misled to its detriment.
 
 
 4
 Fed.R.Civ.P. 52(a) requires that the district courts, in actions tried without a jury, find the facts specially and state separately their conclusions of law thereon. The rule further states, however, that if an opinion or memorandum of decision is filed by the court, as was done here, it will be sufficient if the findings of fact and conclusions of law appear therein. It is well settled that this is so. See Cross v. Pasley, 267 F.2d 824 (8th Cir. 1959); Elam v. United States, 250 F.2d 582 (6th Cir. 1958) cert. denied 358 U.S. 848, 79 S.Ct. 73, 3 L.Ed.2d 81 (1958); Stone v. Farnell, 239 F.2d 750 (9th Cir. 1956); Trentman v. City & County of Denver, 236 F. 2d 951 (10th Cir. 1956) cert. denied 352 U.S. 943, 77 S.Ct. 265, 1 L.Ed.2d 239 (1956); Life Savers Corp. v. Curtiss Candy Co., 182 F.2d 4 (7th Cir. 1950); Smith v. Dental Products Co., 168 F.2d 516 (7th Cir. 1948).
 
 
 5
 The question we must decide is whether the first opinion of the district court satisfied the requirements of Rule 52(a), thus providing an adequate factual basis for this court's decision on the issues of estoppel and payment. The district court's opinion contained all the material facts developed at the trial that were necessary to enable us to consider on appeal the defenses of waiver, estoppel, and payment. The district court should have filed conclusions of law on all the defensive issues. The court's failure to do so, however, does not render its opinion fatally insufficient as a basis for appellate jurisdiction. The federal appellate courts exercise independent judgment on issues of law, being bound by the "clearly erroneous" standard of Rule 52(a) only in reviewing questions of fact. See, e. g., United Artists Television, Inc. v. Fortnightly Corp., 377 F.2d 872 (2d Cir. 1967), reversed on other grounds, 392 U.S. 390, 88 S.Ct. 2084, 20 L.Ed.2d 1176 (1968); Nolan v. Sullivan, 372 F.2d 776 (3rd Cir. 1967); Mamiye Bros. v. Barber S. S. Lines, 360 F.2d 774 (2d Cir. 1966) cert. denied 385 U.S. 835, 85 S.Ct. 80, 17 L.Ed.2d 70 (1966); Spray-Bilt v. Ingersoll-Rand World Trade, Ltd., 350 F.2d 99 (5th Cir. 1965); Green v. Bluff Creek Oil Co., 287 F.2d 66 (5th Cir. 1961); Republic Pictures Corp. v. Rogers, 213 F.2d 662 (9th Cir. 1954) cert. denied 348 U.S. 858, 75 S.Ct. 83, 99 L.Ed. 676 (1954) rehearing denied 348 U.S. 890, 75 S.Ct. 206, 99 L.Ed. 699 (1954); Plomb Tool Co. v. Sanger, 193 F.2d 260 (9th Cir. 1952) cert. denied 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333 (1952). Thus, once the district court had made adequate findings of fact, this court was competent to apply proper legal principles to the facts found in order to resolve the controversy.
 
 
 6
 The confusion that now exists, of course, is the result of the language in our judgment remanding the case to the district court "* * * for further proceedings not inconsistent with the opinion of the court filed herein." The mandate should have simply directed entry of judgment for Clark-Fontana.[1] Had we intended for the district court to hear further evidence or make additional findings and conclusions we should have specifically ordered a partial new trial.
 
 
 7
 Our present interpretation of the ambiguous mandate in the light of our prior opinion accords with the principle that every litigant is entitled to one fair trial, not two. To have allowed Glassman a chance to reopen its case on the defenses of estoppel and payment, and to supply omissions pointed out in our opinion, would have been unfair to Clark-Fontana.[2]
 
 
 8
 Finally, as an alternative ground of decision, we think Glassman is precluded from complaining of errors invited by it on the previous appeal.[3] See 5 C.J.S. Appeal & Error § 1513 (1958). Glassman strongly urged our duty to decide the issues of estoppel and payment on the prior appeal. It should not be heard now to complain that we did what it asked of us.
 
 
 9
 Because the confusion on remand was caused by the language in our previous judgment, Clark-Fontana's request for double costs will be denied. Single costs will be allowed. The judgment of the district court will be
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The clerk has provided us with the last dozen judgments prepared and entered by his office. Of the twelve, six were simply affirmed; one was simply reversed; one was reversed and remanded with directions to enter a judgment of acquittal; one vacated the district court judgment with directions to remand to the Secretary of Health, Education, and Welfare for a rehearing; one reversed and remanded with directions to extend a preliminary injunction previously granted by this court and make it permanent if no areas of proof needed exploration; one reversed and remanded with directions to order North Carolina to credit a prisoner with time served pending appeal, and one reversed and remanded "* * * for further proceedings not inconsistent with this opinion." In all but the last judgment mentioned, therefore, the directions to the district court were explicit. In the last judgment the general direction of the action to be taken was indicated by the court's opinion, and the precise action involved the exercise of some discretion by the district court. See Atkins v. State Bd. of Ed. of North Carolina, 418 F.2d 874 (4th Cir. November 25, 1969). Thus, in all the judgments examined it was clear whether some additional action (other than the mere entry of judgment) was required on the part of the district judge. In this case, no such clarity existed, since the court intended to finally dispose of the issues before it, but inadvertently signed a judgment with ambiguous language
 
 
 [2]
 There were here no special circumstances to justify such a partial new trial. By special circumstances is meant, for instance, where a mistaken impression of law by the district court prevents the full development of the factsSee Moses Lake Homes, Inc. v. Grant County, 276 F.2d 836 (9th Cir. 1960), reversed on other grounds, 365 U.S. 744, 81 S.Ct. 870, 6 L.E.2d 66 (1961).
 
 
 [3]
 Simply stated, this is the appellate version of the invited error ruleSee generally, e. g., Milliken v. Meyer, 311 U.S. 457, 461 n. 8, 61 S.Ct. 339, 85 L.Ed. 278 (1940), rehearing denied, 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941); Capella v. Zurich General Acc. Liab. Ins. Co., 194 F.2d 558 (5th Cir. 1952); Orenstain v. United States, 191 F.2d 184 (1st Cir. 1951).