**Percy L. DAVIS, Plaintiff,**

v.

**HALIFAX COUNTY SCHOOL SYSTEM, Defendant.**

**No. 78–5–CIV–8.**

United States District Court,
E. D. North Carolina,
Wilson Division.

Feb. 26, 1981.

William H. Berger, U. S. Dept. of Labor, Atlanta, Ga., Wendy S. Hildreth, U. S. Dept. of Labor, Nashville, Tenn., Abraham Penn Jones, Asst. U. S. Atty., Raleigh, N. C., for plaintiff.

W. Lunsford Crew, Roanoke Rapids, N. C., for defendant.

## ORDER

DUPREE, Chief Judge.

This action arises under the reemployment provisions of the Viet Nam Era Veterans Readjustment Assistance Act, 38 U.S.C. §§ 2021, *et seq.* Plaintiff, a veteran of the United States Army, was employed as a teacher by defendant school system from November 26, 1973, until the end of the 1974–75 school year. He was sworn into the Army Reserves in April, 1975, with an August, 1975 enlistment date, and he resigned from the school system by letter dated May 15, 1975. Shortly before an honorable discharge in December, 1976, plaintiff applied for reemployment with defendant, but his application was refused. Pur-

suant to 38 U.S.C. § 2021, *et seq.*, plaintiff seeks reinstatement as a teacher and back pay. Plaintiff has moved for partial summary judgment on the question of liability, and defendant has moved for summary judgment. Because the facts material to the question of liability are undisputed, the motions are ripe for disposition.

Under 38 U.S.C. §§ 2021 and 2024, a person "who leaves a position (other than a temporary position)" of employment to enlist in the military, is honorably discharged, and applies for re-employment within ninety days of discharge, is entitled to reinstatement in the same position or "a position of like seniority, status, and pay ... unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so." 38 U.S.C. § 2021(a). It is undisputed that plaintiff was honorably discharged and that he applied for re-employment within ninety days of discharge. As defenses under the statute, defendant contends that plaintiff's teaching position was only temporary and therefore not protected by 38 U.S.C. § 2021(a), and that circumstances have rendered reinstatement unreasonable. Defendant further contends that plaintiff waived any rights to reinstatement when he resigned his teaching position and that plaintiff left the teaching position for reasons other than enlisting in the military.

■ Defendant's contention that plaintiff's teaching position was only temporary is without merit. Plaintiff, like all public school teachers in North Carolina, was required to serve three years in a probationary status before acquiring a "career," or tenured position. When he resigned, plaintiff had completed his second probationary year, and defendant had tendered a contract for employment for the third year. Defendant asserts that because the position was probationary, the plaintiff had no right to continuing employment.

■ A well-developed line of cases under 38 U.S.C. § 2021 and its predecessors has established that a job will not be considered to be temporary if there is a reasonable expectation that the employment would continue for an indefinite period of time. *Tilton v. Missouri Pacific Railroad Company*, 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964); *Collins v. Weirton Steel Company*, 398 F.2d 305, 309 (4th Cir. 1968); *Skeene v. Village of Moscow, Ohio*, 84 CCH Labor Cases 10,678 (S.D.Ohio 1978). Plaintiff had such a reasonable expectation of continuing employment. He was offered a contract for his third probationary year. Furthermore, no teacher in the Halifax County school system who became eligible for "career status" during the four school years, 1974–75, 1975–76, 1976–77 and 1977–78, was denied that status (defendant's answer to plaintiff's interrogatory No. 15). Neither the fact that under state law plaintiff's position was probationary nor the fact that plaintiff could have been dismissed for failure to perform satisfactorily renders his position temporary. *See Tilton v. Missouri Pacific Railroad Company, supra; Collins v. Weirton Steel Company, supra; Skeene v. Village of Moscow, Ohio, supra.*

■ Defendant's contention that reinstatement of plaintiff would be unreasonable under the circumstances is also without merit. Defendant contends that school system enrollment has declined, causing the total teaching staff to be reduced by six teachers. Thus, it is contended that to re-employ plaintiff, the system would have to create an unnecessary and useless teaching position.

■ The statutory exception excusing a refusal to re-employ a veteran where reinstatement would be unreasonable is a very limited exception to be applied only where reinstatement would require creation of a useless job or where there has been a reduction in the work force that would reasonably have included the veteran. *Kay v. General Cable Corporation*, 144 F.2d 653, 655 (3rd Cir. 1944); *Jennings v. Illinois Office of Education*, 83 CCH Labor Cases 17,-626 (S.D.Ill.1978). It is not sufficient excuse that another person has been hired to fill the position vacated by the veteran nor that no opening exists at the time of re-application. *Kay, supra; United States ex*

*rel. Stanley v. Wimbish,* 154 F.2d 773, 775 (4th Cir. 1946); *Witter v. Pennsylvania National Guard,* 462 F.Supp. 299, 305 (E.D.Pa. 1978); *Cason v. Emanuel County Board of Education,* 85 CCH Labor Cases 20,886 (S.D. Ga.1979). Here, the reduction in the work force was accomplished through normal attrition, and the school system hired a large number of new teachers during the 1975–76 and 1976–77 school years (defendant's answers to plaintiff's interrogatories Nos. 13 and 14). At least two of the newly-hired teachers were hired in plaintiff's area of certification, and at least two other teachers were hired to teach in areas outside of their certification. A substantial number of additional new teachers have been hired in the years since 1976–77. As a matter of law, defendant has not demonstrated such circumstances as would render reinstatement unreasonable under 38 U.S.C. § 2021.[1]

Defendant contends that plaintiff did not resign solely for purposes of enlisting in the Army but rather left teaching in order to enter another profession or to further his education. In support of this contention, defendant cites plaintiff's letter of resignation, which indicated that he was interested in graduate studies, and submits affidavits of various school system officials who report that plaintiff told them that he planned to seek work outside of the education field when he completed his military service. After discharge from the military plaintiff sought employment with other school systems and with non-educational employers. Defendant contends that these facts compel the conclusion that plaintiff did not resign solely to enter the military but rather intended to permanently leave the Halifax County school system. Similarly, defendant contends that these same facts constitute a waiver of any rights he may have under 38 U.S.C. § 2021.

The fact that plaintiff considered options other than returning to the Halifax County school system upon his discharge does not defeat his rights under 38 U.S.C. § 2021. When plaintiff resigned he stated only that he would not be returning to the school system for the 1975–76 school year.[2] He did not resign until after he had been sworn into the Army reserves, and at the time of his resignation an offer of employment for the next school year had been made. The record is devoid of any indication that either plaintiff or defendant contemplated termination of employment prior to the time plaintiff took his oath of enlistment into the Army. Thus, it is clear that the primary motivation behind plaintiff's resignation was entrance into the military. *See Widel v. Caterpillar Tractor Company,* 83 CCH Labor Cases 18,341 (S.D.Iowa 1978). The fact that plaintiff considered other options upon discharge is irrelevant to his right to re-employment with defendant.

Plaintiff has clearly established that his right to reinstatement was violated by defendant, and he is entitled to partial summary judgment on the issue of liability. It is therefore

ORDERED that defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted.

The parties are directed to confer regarding the appropriate relief in this case prior to the scheduled final pre-trial conference and to prepare stipulations where possible regarding appropriate relief. The case will stand for trial on all unresolved issues as presently scheduled before Honorable Robert R. Merhige, Jr., on March 30, 1981.

1. The fact that the particular class which plaintiff taught was abolished is immaterial. In the first place, plaintiff is not seeking reinstatement to a particular classroom. *See Mowdy v. Ada Board of Education,* 440 F.Supp. 1184 (E.D.Okla.1977). In the second place, the abolition of plaintiff's particular class did not occur until a year after his resignation.

2. His letter of resignation stated: "I Percy Davis hereby state that I will not be returning to the Halifax County School System, for the 75–76 school year. I will not be returning because of military service and graduate work."