**David K. HENRY**

v.

**ANDERSON COUNTY, TENNESSEE OFFICE OF the SHERIFF.**

Civ. No. 3-81-339.

United States District Court,
E. D. Tennessee, N. D.

Sept. 23, 1981.

---

Hearing Officer, since part of the hearing has already been completed.

**19.** *See* 20 U.S.C. § 1415(e) (1976); 34 C.F.R. § 300.511.

**20.** *Id.*

Mary Anne Reese, Knoxville, Tenn., William H. Berger, U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Mike Lawson, Clinton, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case came on for trial on September 22, 1981, before the Court sitting without a jury. Plaintiff David K. Henry brought this action pursuant to 38 U.S.C. § 2021 *et seq.* (the Veterans' Reemployment Rights Act) seeking both reinstatement to his former position as sergeant with the Sheriff's Department of Anderson County and lost wages and other benefits accruing to him because of the Sheriff's demotion and termination of him after his initial active duty with the United States Army Reserve. This opinion represents the Court's findings of fact and conclusions of law.

Plaintiff was first employed by defendant on April 17, 1975 and served as a road deputy until he was promoted to sergeant in November, 1978. On August 10, 1979, plaintiff joined the United States Army Reserve and was informed that he would be ordered to a period of initial active duty for training from August 31, 1979 to November 30, 1979. Plaintiff requested a military leave of absence which was granted on August 13, 1979. Sheriff Trotter then advised plaintiff by memorandum dated August 22, 1979 that

> Because of the extreme length of time you will be on leave and because of the handicap of leaving one shift without a sargeant [sic], we find that it will be necessary to fill this position with someone who can assume the position of shift sargeant [sic]. Therefore we have no alternative but to inform you that we must appoint another deputy to the rank of sargeant [sic]. When you return to duty your position will be that of road deputy.

Ex. 4. When plaintiff returned from training he was reinstated as a road deputy

at a salary of $868.92 per month. His rate of pay as a sergeant prior to leaving for military service was $929.58 per month.

On December 3, 1979 plaintiff contacted the United States Department of Labor concerning his demotion. On that date, Department of Labor investigator Steven Shemelynec contacted Sheriff Trotter by telephone to discuss plaintiff's demotion. Shemelymec explained plaintiff's rights as a reservist to which Sheriff Trotter replied that it was his decision who works at the Sheriff's Department. Sheriff Trotter reiterated his position in a letter to the Department of Labor dated December 7, 1979. (Ex. 15).

On March 21, 1980 Sheriff Trotter confronted plaintiff with a three-page document which listed five incidents of misconduct involving plaintiff. (Ex. 9). The incidents and plaintiff's responses may be summarized as follows:

1. On December 3, 1979 Sergeant Hubert Baumgardner instructed plaintiff to patrol the County with only one officer per car. Plaintiff responded that he would call for a back-up car before stopping any cars because of the recent shooting of an Oak Ridge, Tennessee patrolman. The proof showed that it is a common practice for officers to ride alone.

2. On December 2, 1979 Sergeant Baumgardner found plaintiff reading a novel while he was supposed to be on visibility duty (parking where the patrol car is visible to traffic and observing traffic, pedestrians, buildings, etc.). Plaintiff admitted that this incident had occurred. Sergeant Baumgardner testified without contradiction that he instructed plaintiff not to read while on visibility duty but that he again found plaintiff reading while on duty.

3. On December 14, 1979 plaintiff failed to answer a time check. Plaintiff responded that he never purposefully failed to answer a time check.

4. On January 16, 1980 plaintiff failed to answer a time check. Plaintiff responded that his radio was not working properly. Sergeant Baumgardner testified without contradiction that the radio was checked and found to be working properly.

5. On January 16, 1980 plaintiff used profane language defaming the Sheriff's Department in the presence of Jailor Ernest Purdy and struck the elevator button in the jail breaking the back of the switch box. Plaintiff responded that he was angry because he was unable to schedule his sick days so that the officer who worked in his place could be paid.

The proof in this case showed without contradiction that plaintiff had committed other infractions: He did not at all times keep a neat and clean appearance; he failed to wear the required uniform; and he refused to drive a patrol car which was not equipped with seat belts. Sergeant Baumgardner and Deputy Tim Schultz also testified that plaintiff had a poor attitude toward his work after he returned from training duty.

Plaintiff was suspended five days without pay effective May 21, 1980 because of the incidents outlined above. (Ex. 10). In a second memorandum dated March 21, 1980 plaintiff was advised that he was terminated effective March 26, 1980. (Ex. 11).

■  Plaintiff contends that his demotion and transfer violates 38 U.S.C. §§ 2021(b)(3) and 2024(c). Section 2021(b)(3) provides in pertinent part that a reservist "shall not be denied retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces." Section 2024(c) provides in pertinent part that a reservist who has been reinstated "shall not be discharged . . . without cause within six months after that restoration. . . ." The burden of justifying a discharge is on the employer. *Scandalito v. City of Port Huron*, 89 CCH Labor Cases ¶ 12,249 at 25,328 (E.D.Mich.1980).

■  Turning first to plaintiff's demotion, we hold that defendant's action was a clear violation of Section 2021(b)(3). Defendant appeared to concede this point at trial. There is no merit in the contention that plaintiff's position was temporary and that

he could thus be demoted in Sheriff Trotter's discretion. *Carlson v. New Hampshire Dept. of Safety*, 609 F.2d 1024 (1st Cir. 1979). Also without merit is the contention that it was unreasonable to reinstate plaintiff to his position as sergeant. *See Davis v. Halifax County School System*, 508 F.Supp. 966 (E.D.N.C.1981). Therefore, plaintiff is entitled to the difference in pay from December 1, 1979 to March 21, 1980, which amounts to $237.00.

The remaining issue is whether plaintiff's termination was for cause. Plaintiff contends that he was terminated because of his reserve obligation and because he filed a complaint with the Department of Labor. He argues that the reasons proffered for his discharge were mere pretexts to disguise defendant's actual motive. It is not disputed that the filing of the complaint with the Department of Labor was protected activity and thus would not be a legally sufficient cause for plaintiff's discharge.

In the opinion of the Court, the evidence does not support plaintiff's assertions. Rather, the evidence supports Sheriff Trotter's statement that he terminated plaintiff for failing to do his job. The proof showed that plaintiff was guilty of acts of misconduct and that his attitude toward both his duties and the Sheriff's Department was poor. The statutes upon which plaintiff relies do not require a court to disregard those aspects of the basic employment relationship which would make continued or renewed employment unreasonable. *Scandalito, supra*, at 25,328; *Larsen v. Air California*, 313 F.Supp. 218, 220 (C.D.Calif. 1970), *aff'd* 459 F.2d 52 (1972), *cert. denied* 409 U.S. 895, 93 S.Ct. 116, 34 L.Ed.2d 151 (1972), *rehearing denied* 409 U.S. 1051, 93 S.Ct. 511, 34 L.Ed.2d 505 (1972). We are thus constrained to hold that plaintiff's termination was not *"for reasons causally related to the employee's reserve obligations."* *Carlson, supra*, at 1027. Defendant carried its burden in showing that plaintiff's termination was for cause within the meaning of the statute.

For the reasons stated, it is ORDERED that judgment enter in favor of plaintiff in the amount of $237.00, with prejudgment interest on that amount at the rate of 10% per annum from March 21, 1980 until the date of this order, which is $35.76. This award of prejudgment interest is not to be taken as a precedent. It is awarded in this case because of its unusual circumstances and because plaintiff's demotion was a clear violation of his statutory rights.

Order Accordingly.